**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PARKER BOAT CLUB, LLC,

       Petitioner,

v.                                         Case No:   6:22-cv-1759-GAP-LHP

UNKNOWN POTENTIAL
CLAIMANT(S),

       Defendant

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **PETITIONER'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT OF EXONERATION AGAINST ALL PERSONS AND ENTITIES WHO DID NOT RESPOND TO THE PETITION FOR EXONERATION OR LIMITATION (Doc. No. 15)**
>
> **FILED:**     March 2, 2023
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND.

On September 26, 2022, Parker Boat Club, LLC, d/b/a Freedom Boat Club ("Petitioner"), as owner of the *Decked Out*, a 2019, 19′ motor vessel bearing hull identification number GDY51548D919 and Florida Registration FL 8101RV, together with its Engines, Tackle, Appurtenances, Equipment, & Etc. ("the Vessel"), filed a Complaint for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30501 and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Doc. No. 1. Petitioner seeks exoneration from or limitation of liability for all claims arising out of an incident involving the Vessel, which occurred on January 8, 2022. *Id.* According to the complaint, the incident occurred in Florida territorial waters near Daytona Beach, Florida, when the Vessel "crossed over waves and Bertha Alvarez, a passenger aboard the subject vessel, was allegedly injured." *Id.* ¶ 7.

On October 4, 2022, on the Petitioner's motion, the Court entered an Order Approving *Ad Interim* Stipulation of Value and Directing Issuance of Monition and Injunction, issued a Monition & Injunction, and stayed all actions or proceedings against the Petitioner arising out of the incident described in the complaint, until a final determination in this proceeding. Doc. Nos. 9–10. Among other things, the Court ordered: (1) the Petitioner to provide public notice of the Monition by publication in a local newspaper as required by Rule F of the Supplemental Rules;

(2) the Petitioner to mail to all known potential claimants a copy of the public notice no later than the date of the second weekly publication; and (3) all potential claimants to file with the Clerk of Court and serve on counsel for the Petitioner all respective claims on or before December 30, 2022, or be defaulted.  Doc. No. 9, at 3–4.  *See also* Doc. No. 10.

On December 15, 2022, the Petitioner filed a Notice of Filing Proof of Publication, which reflects that notice of the Motion & Injunction was published on November 7, 2022, November 14, 2022, November 21, 2022, and November 28, 2022, in the Daytona Beach News Journal.  Doc. Nos. 11, 11-1.  The same day, the Petitioner filed a Notice of Filing Proof of Service as to a potential claimant, Bertha Alvarez.  Doc. Nos. 12, 12-1.

No potential claimants have appeared in this matter or filed any claims, by the Court's December 30, 2022 deadline or otherwise.  Thus, on the Petitioner's motion, Clerk's default was entered against all unknown potential claimants on March 1, 2023.  Doc. Nos. 13–14.  On March 2, 2023, the Petitioner filed the above-styled motion, seeking default judgment against all non-appearing potential claimants.  Doc. No. 15.  No timely responses to this motion have been filed.  *See* Local Rule 3.01(c).

The matter has been referred to the undersigned, and it is ripe for review.

**II.   ANALYSIS.**

"In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules set forth strict deadlines for providing notice to potential claimants and filing claims." *In re Newport Freedog, LLC*, No. 8:18-cv-647-23AEP, 2018 WL 3687986, at *2 (M.D. Fla. July 16, 2018), *report and recommendation adopted*, 2018 WL 3656475 (M.D. Fla. Aug. 2, 2018). Supplemental Rule F(4) states:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose. In cases involving death a copy of such notice shall be mailed to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death.

Fed. R. Civ. P. Supp. Rule F(4). Once that notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided for in subdivision (4)." Fed. R. Civ. P. Supp. Rule F(5). "If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer." *Id.*

In cases arising under Supplemental Rule F, default judgment is properly entered against any potential claimant who has failed to respond to the public notice within the established notice period, "so long as the petitioner has fulfilled '[its] obligation to publish notice of the limitation proceeding . . . the Notice expressly and clearly stated the deadline for filing a claim and/or answer . . . and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer." *In re: Ruth*, No. 8:15-cv-2895-T-23TBM, 2016 WL 4708021, at *2 (M.D. Fla. Aug. 23, 2016), *report and recommendation adopted*, 2016 WL 4667385 (M.D. Fla. Sept. 7, 2016) (quoting *In re Petition of Holliday*, No. 6:14-cv-1709-Orl-28DAB, 2015 WL 3404469, at *3 (May 26, 2015).

Here, the Petitioner has fulfilled its obligations by properly publishing notice of the Monition & Injunction, sending notice to all potential claimants, and obtaining Clerk's default after no potential claimants appeared. *See* Doc. Nos. 11–14. Accordingly, default judgment against all non-appearing potential claimants is appropriate. *See, e.g.*, *Matter of Pirate Water Taxi, LLC*, No. 8:20-cv-1956-60AAS, 2020 WL 7752416 (M.D. Fla. Dec. 14, 2020), *report and recommendation adopted*, 2020 WL 7711111 (M.D. Fla. Dec. 29, 2020) (entering default judgment against all non-appearing unknown potential claimants that had not appeared but may have had a claim, upon compliance with the requirements of Supplemental Rule F); *In re*

*Newport Freedog, LLC*, 2018 WL 3687986, *report and recommendation adopted*, 2018 WL 3656475 (M.D. Fla. Aug. 2, 2018) (entering similar default judgment against persons and entities that failed to file a claim and/or answer within the established notice period); *In re: Ruth*, 2016 WL 4708021, *report and recommendation adopted*, 2016 WL 4667385 (M.D. Fla. Sept. 7, 2016) (entering default judgment pursuant to Supplemental Rule F against all potential claimants that failed to file a claim); *In re Petition of Holliday*, 2015 WL 3404469 (entering default judgment pursuant to Supplemental Rule F against any and all claimants who had not filed a claim). *See also In re Vass*, No. 9:17-CV-81031, 2018 WL 11229125, at *2 (S.D. Fla. Feb. 12, 2018) ("Where publication is made according to the rules and practice in admiralty proceedings, it becomes notice to all persons having any claims, whether they received actual notice thereof or not, and if they fail to appear within the time designated, they are liable to lose the opportunity of presenting their claims in that proceeding or in any other.").

### III. RECOMMENDATION.

Accordingly, for the reasons stated herein, it is respectfully **RECOMMENDED** that the Court:

    1. **GRANT** Petitioner's Motion for Entry of Final Default Judgment of Exoneration Against All Persons and Entities Who Did Not Respond to the Petition for Exoneration or Limitation (Doc. No. 15).

2. **ENTER** final default judgment against all non-appearing potential claimants as set forth in the Petitioner's proposed order (Doc. No. 15-2), barring future claims against the Petitioner for the events described in the Complaint.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 4, 2023.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy